UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN CHRISTOPHER COFFER,

Plaintiff,

v.

JOSE DURON, et al.,

Defendants.

Case No. 25-cv-04138-EKL

**ORDER DISMISSING CERTAIN CLAIMS, SERVING COMPLAINT**

On October 15, 2025, the Court screened Plaintiff Jonathan Christopher Coffer's complaint and partially dismissed it with leave to amend within 28 days. *See* ECF No. 8. Coffer did not file an amended complaint and instead notified the Court that he would like to proceed only as to his cognizable claims and voluntarily dismiss the remaining claims. *See* ECF No. 9 at 1. Accordingly, the Court orders as follows:

1. The operative complaint remains ECF No. 1.

2. This case will proceed only as to the following cognizable claims:

   a. Eighth Amendment deliberate indifference claims against Defendants Lt. Jose Duron, Officer Rodriguez, and the Second and Third Watch Officers based on the two 15-day periods that Coffer was allegedly locked inside his cell for 24 hours each day.

   b. Americans with Disabilities Act ("ADA") claims against the California Department of Corrections and Rehabilitation ("CDCR") for the two alleged 15-day periods that Coffer was allegedly prevented from leaving his cell due to his ADA status.

3. While Coffer states Eighth Amendment claims against the Second and Third Watch Officers, he may need to provide additional information about their identities in order to

ensure they can be served.  Coffer is encouraged to obtain their names through discovery and provide them to the Court in a future filing.

4. All other claims and defendants are DISMISSED.

5. Defendants Duron, Rodriguez, and CDCR shall be served.  Service shall proceed under CDCR's e-service pilot program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents:  the operative complaint (ECF No. 1), the Court's screening order (ECF No. 8), this order, a CDCR Report of E-Service Waiver form, and a summons.

No later than **45 days** after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court whether Defendants will be waiving service of process without the need for service by the United States Marshal Service (USMS) or whether any Defendant declined to waive service.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office, which, within **21 days of service**, shall file with the Court a waiver of service of process for the Defendants waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form.  The Clerk shall provide to the USMS the completed USM-285 form and copies of this order, summons, and operative complaint for service upon each Defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

Additionally, the Clerk shall mail a copy of this order to Coffer.

6. In order to expedite the resolution of this case, the Court orders the following briefing schedule:

   a. No later than **90 days** from the date of service, Defendants will file a motion for summary judgment or other dispositive motion.  The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of

United States District Court
Northern District of California

2

United States District Court
Northern District of California

Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will so inform the Court prior to the date the dispositive motion is due.  All papers filed with the Court will be promptly served on Coffer.

b.  At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

c.  Coffer's opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him.  Coffer must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  If Defendants file a dispositive motion claiming that Coffer failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), he should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

d.  If Defendants wish to file a reply brief, they shall do so no later than **14 days** after the opposition is served upon them.

e.  The motion shall be deemed submitted as of the date the reply brief is due.  Absent a further order of the Court, no hearing will be held on the motion.

7.  All communications by Coffer with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

3

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

9. It is Coffer's responsibility to prosecute this case.  Coffer must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  January 26, 2026

Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

4

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.